# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO G. CASTANEDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CRYER,<br><br>　　　　Defendant(s). | Case No.  1:14-cv-00658-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court is Plaintiff's Complaint for screening.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*, at 667-68.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff suffers from a spinal condition, chronic pain and mobility problems that prevent him from living a normal live under the Americans with Disabilities Act ("ADA"). He is confined to a wheelchair. He requested specialist consultation, spinal surgery and pain medication from the medical clinic at the California Substance Abuse and

1  Treatment Facility at Corcoran State Prison ("CSATF").

2  The clinic referred him for an MRI and consultation with a neurosurgeon. The
3  neurosurgeon found bulging discs, spinal compression and stenosis and recommended
4  against surgery. Plaintiff was prescribed Tylenol with codeine for pain and encouraged
5  to exercise.

6  Plaintiff disagreed with these treatment decisions and filed a health care appeal.
7  The appeal was denied at the second level by Defendant Cryer, Chief Executive Officer
8  (CEO) at CSTAF. The appeal was denied at the third level.

9  The improper treatment caused Plaintiff pain and inability to function normally.

10  Plaintiff seeks further specialist consultation, surgical treatment, therapy for his
11  spine and legs and narcotic pain medication.

## IV. DISCUSSION

### A. Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096, quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Plaintiff alleges facts demonstrating a serious medical condition. *Jett*, 439 F.3d at 1096; see *McGuckin*, 974 F.2d at 1059-60.

However, his disagreement with treatment decisions and belief that he should have received different care and accommodation, without more, is not a basis for a deliberate indifference claim unless the treatment chosen is medically unacceptable and in conscious disregard of an excessive risk to his health. See *Franklin v. Oregon*, 662

3

F.2d 1337, 1344 (9th Cir. 1981); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). The facts alleged do not demonstrate an intentional denial, delay, or interference with medically necessary care, or intentionally unacceptable medical care. See *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004). The facts demonstrate the opposite, that Plaintiff received medically appropriate care and treatment.

Nothing in the allegations suggests the care and treatment was substandard. Even if it was, mere medical negligence is not alone sufficient to claim medical indifference. See *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06 (1976).

Additionally, the sole named Defendant, CSATF CEO Cryer, is not linked to Plaintiff's medical treatment. A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Defendant Cryer cannot be held liable under § 1983 solely because of his supervisory capacity. A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. See *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (concluding that knowledge of a policy and practice of overcrowding that allegedly resulted in inmate's rape could be sufficient to establish liability).

Plaintiff does not state a claim for medical indifference. In any amended pleading he must allege facts showing a named Defendant knowingly denied, delayed, or interfered with his serious medical need, or knowingly provided medically unacceptable care, or was deliberately indifferent to an excessive risk of such a violation of Plaintiff's rights, harming him.

**B.     ADA**

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." 42 U.S.C. § 12132; *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir.2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability, (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052.

### 1.     No Individual Liability

Plaintiff may not pursue an ADA claim against Defendant in his individual capacity. There is no individual liability under ADA Title II. See *Heinke v. County of Tehama Sheriff's Dept.*, No. CVI S–12–2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug.01, 2013).

Plaintiff does not allege facts showing Defendant acted in an official capacity. No CDCR system-wide decision making authority or policy or practice is alleged and linked to Defendant.

### 2.     No Programmatic Exclusion

Plaintiff does not allege he was excluded from the medical program or any other prison program.

Additionally, the allegations do not show Defendant acted "by reason of" and with "deliberate indifference to" his disability. *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997).

### 3.     Treatment Excluded from ADA

Plaintiff may not base an ADA claim on alleged denial of medical treatment. A lack of treatment for Plaintiff's medical condition is not a basis for an ADA claim. *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (medical treatment decisions not basis for ADA claims).

### C. Health Care Appeal

Prison staff actions in responding to Plaintiff's prisoner appeal alone cannot give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993), citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of entitlement to a grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galarza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff links Defendant Cryer to his health care appeal. However, he may not assert a constitutional violation based solely on a claim Cryer improperly handled and disposed of his health care appeal.

### D. Injunctive Relief

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984); see *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff cannot seek injunctive relief where, as here, no underlying federal claim is stated. *City of Los Angeles*, 461 U.S. at 101-02 (plaintiff must show a "case or controversy" and "real and immediate" threat of injury). His Complaint fails to state any cognizable claim against Defendant Cryer, for the reasons stated.

### V. CONCLUSION AND ORDER

The Complaint does not state a claim for relief under § 1983. The Court will grant an opportunity to file an amended complaint consistent with the foregoing. *Lopez v.*

*Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. *Iqbal*, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to state a claim that is plausible on its face." *Id.* at 1949, quoting *Twombly*, 550 U.S. at 555. Plaintiff must demonstrate that Defendant(s) personally participated in a deprivation of his rights. *Jones*, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed May 5, 2014,
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio* 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: May 18, 2014         /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE