# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO G. CASTANEDA,<br><br>   Plaintiff,<br><br>v.<br><br>CRYER,<br><br>   Defendant(s). | Case No.  1:14-cv-00658-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 8)**<br><br>**FOURTEEN-DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim.

Before the Court is Plaintiff's First Amended Complaint for screening.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

1

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that

2

a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*, at 667-68.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations can be summarized essentially as follows:

His MRI shows back and spinal problems. He cannot walk. His pain medication is insufficient. The doctors at the California Substance Abuse and Treatment Facility at Corcoran State Prison ("CSATF") denied his request for surgery, therapy and stronger pain medication. He disagrees with these decisions and the denial of his appeal of them.

He names C. Cryer, CEO-Medical at CSATF, as the sole Defendant. He seeks proper surgery and treatment therapy for his legs and spinal condition and injuries.

### IV. DISCUSSION

#### A. Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096, quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Plaintiff alleged in his prior pleading that he was diagnosed with bulging discs,

3

spinal compression and stenosis.[1] He presently alleges mobility impairment and pain for which he receives medication. There allegations are sufficient to demonstrate a serious medical condition. *Jett*, 439 F.3d at 1096; see *McGuckin*, 974 F.2d at 1059-60.

However, his disagreement with treatment decisions, without more, is not a basis for a deliberate indifference claim unless the treatment chosen is medically unacceptable and in conscious disregard of an excessive risk to his health. See *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). The facts alleged do not demonstrate an intentional denial, delay, or interference with medically necessary care, or intentionally unacceptable medical care. See *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004). The facts demonstrate that Plaintiff received care and treatment. The CSATF clinic referred him for the MRI and consultation with a neurosurgeon. The neurosurgeon diagnosed spinal impairment, but recommended against surgery, and instead prescribed Tylenol with codeine for pain and encouraged exercise.

Plaintiff's facts do not even suggest he received substandard care and treatment. Even if he had, mere medical negligence is not alone sufficient to claim medical indifference. See *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06 (1976).

For these same reasons, Defendant Cryer, who according to the prior pleading denied Plaintiff's health care appeal at the second level,[2] cannot be said to have been medically indifferent in doing so. Apart from his denial of the health care appeal

---

[1] The Court takes judicial notice of the Complaint (ECF No. 1). Fed. R. Evid. 201; see also *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (court may take judicial notice of court records).

[2] The appeal was later denied at the third level. See ECF No. 1, at 12.

4

Defendant Cryer is not linked to the alleged violation. His supervisory status alone is not a basis for liability. *See Monell v. Department of Social Services,* 436 U.S. 658 (1978).

### B.     Health Care Appeal

Prison staff actions in responding to Plaintiff's health care appeal alone cannot give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993), citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of entitlement to a grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galarza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff may not assert a constitutional violation based solely on a claim Cryer improperly handled and denied his health care appeal.

### C.     Injunctive Relief

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984); see *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff cannot seek injunctive relief where, as here, no underlying federal claim is stated. *City of Los Angeles*, 461 U.S. at 101-02 (plaintiff must show a "case or

controversy" and "real and immediate" threat of injury). His Complaint fails to state any cognizable claim against Defendant Cryer, for the reasons stated.

## V.    CONCLUSIONS AND RECOMMENDATION

The First Amended Complaint does not state a claim for relief under § 1983. The prior screening order instructed Plaintiff on the above deficiencies and requirements for correcting them. Plaintiff's ongoing failure to correct these deficiencies is reasonably construed as a reflection of inability to do so. Leave to amend would be futile and should be denied.

Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED that the action be DISMISSED WITH PREJUDICE for failure to state a claim subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 26, 2014                              /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE